UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                              Criminal No. 20-234 (DWF/LIB)

      Plaintiff,

v.                                                                                      **ORDER**

Devon Michael Johnson,

      Defendant.

This matter is before the Court on Defendant's Motion to Release Defendant Pending Sentencing (Doc. No. 35) and the Government's Response in Opposition (Doc. No. 36). Oral argument on the matter was held March 31, 2021. (Doc. No. 38.) Defendant Devon Michael Johnson ("Defendant") appeared before the Honorable Donovan W. Frank, U.S. District Judge. Plaintiff, the United States of America (the "Government") was represented by Gina Allery, Assistant United States Attorney, and Defendant was represented by Aaron J Morrison, CJA appointed counsel. United States Pretrial Services Probation Officer, Sarah Thuringer was also present. The Defendant consented to a video hearing and all participants appeared via video.

The Defendant entered a plea of Guilty to Count 1 of the Indictment namely, Sexual Abuse of a Minor, in violation of 18 U.S.C. §§ 2243(a), 1151, and 1152. After the Defendant entered his plea of guilty, he moved the Court for release pending sentencing. The Defendant has been in custody since November 20, 2020.

On November 25, 2020, the Magistrate Judge concluded that based upon the factors set forth in 18 U.S.C. § 3142(g), the Government had shown by a preponderance of the evidence that there were no conditions or combination of conditions of release that would reasonably assure the appearance of the Defendant at future Court proceedings. Consequently, the Magistrate Judge concluded that detention was necessary and appropriate pursuant to 18 U.S.C. § 3142.

Based upon the record now before the Court and the submissions of counsel for the Government and Defendant and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## FINDINGS OF FACT

1. As the Magistrate Judge correctly concluded, the Defendant has failed to comply with the terms of his probation for prior offenses. Specifically, Defendant violated the terms of his probation for his conviction of sexual indecency with a child in violation of Arkansas law within less than a year of being placed on probation. Included in those violations were attempts to contact the victim, failing drug tests, and committing another criminal offense—namely third-degree burglary, all in violation of Arkansas law to which the Defendant pled guilty. Moreover, the Defendant failed to comply with the Sex Offender Registration requirements that related to that conviction resulting in a separate offense for which the Defendant was convicted. For a period of approximately three years, between 2015 and 2018, the Defendant served his sentence in Arkansas for those violations of state law and then returned to Minnesota.

2. The Defendant has now entered a plea of guilty that again involves sexual conduct with a minor which occurred less than a year after he returned to Minnesota.

3. While it is true that at the time of Defendant's arrest he was working and living in Hibbing and caring for his father, his arrest did not occur in Hibbing, Minnesota. It occurred in Superior, Wisconsin.

4. Importantly, and perhaps sadly, for the reasons noted below in paragraphs 5 and 6, a review of the Defendant's criminal history as observed by the Magistrate Judge, clearly shows a history of failing to comply with existing Court orders establishing the conditions of release.

5. The Defendant now asserts that since he will be going to prison for "a number of years," he is asking the Court to consider release between his change of plea date and sentencing date so that he may spend time with his grandmother and father. Defendant asserts his grandmother, who raised him, is suffering from dementia. He also asserts that at the time of his arrest, he was living in Hibbing, Minnesota, and caring for his father who is in very poor health. Consequently, Defendant has concerns that neither may be alive when he is released from prison.

6. The minor victim's mother who observed the plea hearing and Defendant's motion via Zoom does not object to the release of the Defendant so long as he complies with a no contact order and other conditions of release. Defense counsel in turn has said Defendant would agree to be placed on location monitoring.

Based upon the above Findings of Fact, the Court makes its:

## CONCLUSIONS OF LAW

1.  Based upon the plea of guilty as noted above, the Court declines to find and conclude by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c).  This finding of the Court is made without reaching the decision of whether the Defendant's plea to 18 U.S.C. § 2243(a) is subject to mandatory detention absent proof of "exceptional circumstances" pursuant to 18 U.S.C. §§ 3143(a) and 3145(c).

2.  While the Court extends its sincere thoughts to the Defendant with respect to the situation relating to his grandmother and father, given the findings and conclusions of this Court and those of the Magistrate Judge, the Court is obligated to deny the Defendant's motion for release, even considering his offer to be subject to location monitoring and other conditions.

As the Court stated after its ruling at the hearing on March 31, the Court will examine the present situation of the Defendant's father in the Hibbing, Minnesota area and what alternatives there are with respect to video and in-person visitation with his father and grandmother, which may depend upon the pandemic restrictions at this time.

Based upon the above Findings of Fact and Conclusions of Law of this Court, the Court enters the following:

## ORDER

1.  The Defendant's motion for release on conditions (Doc. No. [35]) is respectfully **DENIED.**

2. The Defendant is remanded to the custody of the United States Marshal until his sentencing date in Federal Court.

3. Defendant will be afforded reasonable opportunity to consult privately with his lawyers.

Dated: April 9, 2021                                    s/Donovan W. Frank
                                                        DONOVAN W. FRANK
                                                        United States District Judge